IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZACHERY ANDERSON,

      Plaintiff,

  v.                                     Civil Action 2:16-cv-1009
                                          Judge Michael H. Watson
                                          Magistrate Judge Jolson

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

Because Plaintiff, a prisoner, seeks redress from a governmental entity or officer or employee of a governmental entity (Doc. 1-1), this Court must conduct an initial screen of the Complaint. 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, "or any portion of the complaint," if it determines that the Complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). Applying those standards here, the undersigned **RECOMMENDS DISMISSAL**.

    I.      **Background**

Plaintiff alleges that prior to incarceration, a gastrointestinal doctor diagnosed him with duodenitis gastritis and esophagitis on August 25, 2014. (Doc. 1-1, ¶ 1). As part of the prescribed treatment, he was to have an "endoscopy to be repeated in 8 weeks to document healing due to the history of medical [diagnosis]." (*Id.*). Before the procedure, however, Plaintiff was taken into custody. (*Id.*). Since that time, the Ohio Department of Rehabilitation and Correction ("ODRC") has been responsible for Plaintiff's care during which time he alleges

he has "made complaints to medical staff" regarding his gastrointestinal issues. (*Id.*, ¶ 2).

In particular, Plaintiff alleges that from January 2016 through June 2016, he sought treatment from Defendants for "constant pain in his throat, blood in his stool, pain in his lower stomach and pain in ears." (*Id.*, ¶ 3). A number of healthcare professionals treated Plaintiff, including Defendant David Conley, a nurse practitioner. Plainitff alleges that Defendant Conley has seen Plaintiff "numerous times" and has "insist[ed] that if [Plaintiff] took his prescribed medication (Famotidine) he would not be experiencing such pain." (*Id.*). According to the complaint, Conley also has told Plaintiff that his issues are due to stress and anxiety and has encouraged Plaintiff "to consult the psychiatrist to be prescribed/placed back on his mental health medication." (*Id.*, ¶ 4). Plaintiff also alleges that Defendant Conley refused to send him to a specialist because it would be a "waste of taxpayer's money" since Plaintiff is scheduled to be released on November 28, 2016. (*Id.*).

According to his complaint, Plaintiff "used a razor to cut his arm several times . . . in order to be placed on suicide watch to get some type of medical attention . . . ." (*Id.*, ¶ 5). Plaintiff also alleges that he went on a hunger strike because of the "medical staff not addressing his medical needs . . . ." (*Id.*, ¶ 7). He further asserts that during his hunger strike, Defendant Conley told Plaintiff that "he did not care how long [Plaintiff] refused to eat because he was not sending him out to [Franklin Medical Center ("FMC")] so either [he] eat some food and come off hunger strike or he don't eat and kill himself . . . ." (*Id.*, ¶ 7). Then, according to Plaintiff's complaint, Defendant Conley joked to Defendants John Doe and Jane Doe that "if Plaintiff lost enough weight he would for sure be sent out to FMC!" (*Id.*).

Plaintiff pursued his administrative remedies. He filed a grievance, which was denied. (Doc. 1-2, PageID# 21). He then appealed, and the disposition of his grievance was affirmed.

(Doc. 1-2, PageID# 22).

## II. Standard of Review

In reviewing the Complaint to determine its sufficiency, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. Discussion

### A. Immunity

As an initial matter, the Ohio Department of Rehabilitation and Correction ("ODRC") is not a proper defendant. ODRC, as a state agency, is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (applying Eleventh Amendment sovereign immunity applies to "state agents and instrumentalities"); *Tackett v. Ohio Dep't of Rehab. & Corr.*, 2011 U.S. Dist. LEXIS 123427, at *7 (S.D. Ohio Oct. 25, 2011) ("ODRC is a state agency and therefore enjoys Ohio's sovereign immunity."). Moreover, a state agency is not a "person"

3

subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). Accordingly, ODRC must be dismissed.

Similarly, claims for damages asserted against state employees in their official capacities cannot proceed in a federal court because such claims are deemed to be claims against the State. *Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983"). Here, the Complaint is not clear as to how the individual defendants are sued. However, the Court need not resolve the ambiguity at this juncture because, as explained below, the undersigned recommends dismissal of this lawsuit.

### B. Failure To State A Claim

In order to proceed with his Eighth Amendment claim, Plaintiff must plead a facially plausible claim that Defendants acted with deliberate indifference to his medical needs. Such a claim has an objective and a subjective component. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). The objective component "requires a plaintiff to show that the medical need at issue is sufficiently serious," and the subjective component requires "that prison officials have a sufficiently culpable state of mind in denying medical care." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citation omitted) (quotations omitted). Moreover, the Sixth Circuit "disintinguish[es] between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Id.* In the latter, "federal courts are generally reluctant to second guess medical judgments" unless the care the plaintiff received was "so woefully inadequate as to amount to no treatment at all." *Id.*

In addition, Eighth Amendment claims may be resolved on the pleadings where the complaint and corresponding attachments make clear that, even accepting the allegations, the plaintiff can prove no set of facts in support of the claim. *See LaFlame v. Montgomery Cty.*

4

*Sheriff's Dep't*, 3 F. App'x 346, 347 (6th Cir. 2001) (holding that "difference of opinion" over diabetes "treatment does not state an Eighth Amendment claim"); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (holding that the "court may consider exhibits attached [to the complaint]" in resolving a motion to dismiss "so long as they are referred to in the complaint and are central to the claims contained therein" (quotations omitted)); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (district court erred, in ruling on a motion to dismiss, by not considering exhibits attached to the complaint). This is particularly true where the complaint and attachments make clear that the plaintiff was indeed receiving some kind of treatment for his or her ailment. *Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 849 (N.D. Ohio 2007) (dismissing Eighth Amendment claim where the records the plaintiff "attach[ed] to his amended complaint show he . . . received the appropriate treatment for his condition . . . .").

    Here, Plaintiff does not allege that he is not receiving any treatment for his gastrointestinal issues. To the contrary, it is clear from Plaintiff's allegations that the prison medical staff has evaluated him "numerous times." (Doc. 1-1, ¶ 3). Plaintiff instead alleges that Defendants have violated his rights under the Eighth and Fourteenth Amendments by refusing to provide him a certain type of treatment. Specifically, Plaintiff alleges dissatisfaction with Defendants' "refusal to refer him to a specialist." (Doc. 1-1, ¶ 5; *see also id.* at ¶ 9 (alleging a refusal to have a "specialist doctor see him"). But "the contention that [Plaintiff] was denied treatment by a specialist is . . . insufficient to establish a constitutional violation." *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992); *see also Blacar v. Kessinger*, No. 3:15-cv-P118-DJH, 2016 U.S. Dist. LEXIS 149492, at *7 (W.D. Ky. Oct. 28, 2016) ("While [Plaintiff] disagrees with the course of treatment and need to see an outside specialist, his allegations do not

5

give rise to a constitutional violation."); *Jenkins v. Mohr*, No. 2:14-cv-248, 2014 U.S. Dist. LEXIS 133565, at *17 ("Although Plaintiff disagrees with the timing of his referral to a specialist, that disagreement is insufficient to give rise to an Eighth Amendment claim for deliberate indifference.").

Moreover, it is clear from Plaintiff's own allegations that while he believes a specialist and treatment at another facility (specifically FMC) are necessary, the medical staff disagrees in at least three ways. First, Defendant Conley considers Plaintiff's symptoms to be, at least in part, psychosomatic and has encouraged Plaintiff to receive mental health treatment. (Doc. 1-1, ¶ 4). Second, Defendant Conley has instructed Plaintiff to take his prescribed medications in order to reduce his pain. (*Id.*). Third, the medical staff has discussed the importance of diet and exercise with Plaintiff. (Doc. 1-2, PageID# 22). On this point, the Assistant Chief Medical Inspector, Defendant Mona Parks, noted that Plaintiff's commissary purchases—coffee, orange drink mix, cheese, peanut butter, dill pickles, ramen noodles (including chili), sausages, and chips/nuts—are contraindicated for someone with gastric complaints. (*Id.*). She noted that "[c]omplaining to medical about gastric symptoms does nothing if you are not following with the treatment that is recommended. Follow those guidelines and see NSC for further concerns." (*Id.*).

In sum, Plaintiff's treatment is not "so woefully inadequate as to amount to no treatment at all," *see Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011), but instead is simply not the treatment he wants. Based upon his pleadings, Plaintiff is receiving medical care, and those monitoring his medical care have a difference of opinion on the type of care he should receive. "[A] prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation." *DeFreeze v. Zuberi*, 39 F. App'x 137, 139 (6th Cir. 2002); *see, e.g.*, *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (no deliberate indifference claim

where the plaintiff "would have desired more aggressive treatment" but "was at no point denied treatment"); *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (holding that inmate and medical provider's disagreement "over the preferred medication to treat [inmate's] pain . . . does not support an Eighth Amendment claim"); *LaFlame*, 3 F. App'x at 347; *Dotson*, 477 F. Supp. 2d at 849. Accordingly, Plaintiff's allegations fail to state an Eighth Amendment claim.

For these reasons, Plaintiff fails to state a plausible constitutional claim. It is therefore **RECOMMENDED** that Plaintiff's claims be **DISMISSED**.

IV. Conclusion

For the reasons stated, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: November 16, 2016　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE