# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Zachary Anderson,

    Plaintiff,

v.

Ohio Department of Rehabilitation and Correction, *et al.*,

    Defendants.

Case No. 2:16-cv-1009

Judge Michael H. Watson

Magistrate Judge Jolson

## ORDER

On November 16, 2016, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") concerning the disposition of Zachary Anderson's ("Plaintiff") § 1983 Complaint against the Ohio Department of Rehabilitation and Correction ("ODRC") and various ODRC medical staff members ("ODRC Staff") alleging violations of Plaintiff's rights under the Eighth Amendment to the United States Constitution. R&R, ECF No. 4. The R&R reached two conclusions of law. First, it found that Plaintiff's claim for damages against the ODRC and the ODRC Staff in their official capacities was barred by the Eleventh Amendment to the United States Constitution. *Id.* at 3. Second, it found that while it was unclear what type of relief Plaintiff sought from the ODRC Staff in their individual capacities, the ambiguity did not need to be resolved because the Complaint nevertheless failed to state a claim. *Id.* at 4. Specifically, the R&R found that, even taken as true, Plaintiff's allegations did not amount to a violation of his

Eighth Amendment rights. *Id.* Accordingly, the R&R recommended dismissal of Plaintiff's Complaint. *Id.* at 7.

The R&R notified the parties of their right to file objections to the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). *Id.* at 7. The R&R further specifically advised the parties that the failure to object to the R&R within fourteen days would result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the decision of the District Court. *Id.* at 8.

Plaintiff did not object to the conclusions reached in the R&R within that fourteen-day time frame. Instead, he moved for leave to amend his Complaint pursuant to Rule 15 in order to cure its deficiencies. Mot., ECF No. 6. Plaintiff did not attach a proposed amended complaint to his motion or otherwise explain the amendments he planned to make.

The Court should freely grant a leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court is not required to grant leave to amend, however, when amendment would be futile. *See Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). Allowing Plaintiff to file an amended complaint in this case would be futile because he has made no showing that he can cure the deficiencies set forth in the R&R. That is, the R&R concluded that even accepting his allegations as true, they simply did not rise to the level of an Eighth Amendment violation. Plaintiff did not object to that conclusion or demonstrate how he could cure that deficiency. Because the recommendation

was based on a conclusion that Plaintiff's allegations do not rise to the level of a constitutional violation, amendment would be futile and Plaintiff's motion is denied.

Plaintiff also moved to stay proceedings pending his securement of council. ECF No. 7. Given the Court's order adopting the R&R and denying Plaintiff's motion for leave to amend, this motion is denied as moot.

For the foregoing reasons, the R&R is **ADOPTED** and **AFFIRMED**. Plaintiff's Eighth Amendment claim is hereby **DISMISSED** with prejudice for failure to state a claim. Plaintiff's motion for leave to amend is **DENIED**, and Plaintiff's motion to stay proceedings pending the securement of counsel is also **DENIED**.

The Clerk is further **DIRECTED** to enter **FINAL JUDGMENT** and terminate the case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**